# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR M. ORNDORFF, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 20-00247-KSM |

## MEMORANDUM

**MARSTON, J.**                                                                               **March 31, 2020**

      Plaintiff Victor Orndorff, on behalf of himself and all others similarly situated, alleges that Defendant Ford Motor Company breached its express and implied warranties and violated the Magnuson-Moss Warranty Act and the Pennsylvania Unfair Trade Practice and Consumer Protection Law. (Doc. No. 1.) The Plaintiff also asserts claims against the Defendant for negligence and unjust enrichment. (*Id.*)

      The parties filed a Joint Motion to Transfer Venue, arguing that the case should be transferred to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a). (Doc. No. 12.)

      Under section 1404(a), a district court may for the convenience of the parties and witnesses and in the interest of justice "transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404(a). Without addressing the merits of Plaintiff's claims, the Court finds that transfer is appropriate in this case.

      Section 1404(a) governs transfer here because the original venue is proper. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). The

Plaintiff's filing of this action in the Eastern District of Pennsylvania was proper based on diversity jurisdiction. Venue is proper in the Eastern District because the Defendant regularly manufactured, marketed, distributed, sold, and leased vehicles within the District. (Doc. Nos. 1, 12.) *See* 28 U.S.C. § 1391(c); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) ("Venue is also proper . . . where the defendant transacts business and is therefore subject to personal jurisdiction.").

Here, the parties have consented to transfer to the Northern District of Illinois. (Doc. No. 12.) *See* § 1404(a); *Atl. Marine Constr. Co.*, 571 U.S. at 59 (noting that § 1404(a) "permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation"); *Dawson v. Gen. Motors LLC*, No. 3:19-cv-08680, 2020 WL 953713, at *2 (D.N.J. Feb. 24, 2020) ("In any case, Plaintiffs have consented to the proposed transfer, thereby satisfying the threshold inquiry mandated by 28 U.S.C. § 1404(a)."); *Jermano v. Graco Children's Prods., Inc.*, Civil Action No. 12-5905, 2013 WL 12156081, at *1 (E.D. Pa. Feb. 12, 2013) (granting a motion to transfer and noting that "[v]enue in the Eastern District of Michigan is also proper because it is any district or division to which all parties have consented" (internal quotation marks and citations omitted)).

A review of the private and public interest factors shows that transfer to the Northern District of Illinois is also in the interest of justice and will be more convenient for the parties and witnesses. *See Jumara*, 55 F.3d at 879 (outlining the public and private interest factors that must be considered before a case is transferred pursuant to § 1404(a)); *see also White v. ABCO Eng'g*

*Corp.*, 199 F.3d 140, 142 (3d Cir. 1999) (requiring a case specific determination that transfer is proper even when transfer has been stipulated to by all the parties in the case).

For the private interest factors, although the Plaintiff's original forum preference was the Eastern District (*see* Doc. No. 1), the parties have stated a preference for the Northern District of Illinois. (Doc. No. 12.) A similar action is currently pending in the Northern District (*O'Connor v. Ford Motor Co.*, No. 1:19-cv-05045 (N.D. Ill.)), and two other similar actions were recently transferred to the Northern District *(Marino v. Ford Motor Co.*, No. 1:20-cv-10048 (D. Mass); *Smith, et al. v. Ford Motor Co.*, No. 5:20-cv-00211 (N.D. Cal.)). (Doc. No. 12; *Marino* Doc. Nos. 13, 14; *Smith* Doc. No. 19.) The parties have agreed to seek consolidation of all the actions. (Doc. No. 12.) Other courts in this District have held that "[t]he presence of a related case in a transferee forum is a powerful reason to grant a change of venue." *Palagano v. NVIDIA Corp.*, Civil Action No. 15-1248, 2015 WL 5025469, at *5 (E.D. Pa. Aug. 15, 2015) (internal quotation marks and citations omitted); *see also Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, Civil Action No. 09-2552, 2009 WL 1845236, at *5 (E.D. Pa. June 26, 2009) ("[C]ourts in our district have held that where there is a strong likelihood of consolidation with a related action, a transfer of venue is warranted."). The Northern District is a more convenient forum for the Defendant because it reduces the burden on its witnesses who would otherwise have to give duplicative testimony. (Doc. No. 12.) The Northern District is also substantially closer to the Defendant's principal place of business in Michigan. (*Id.*) The location of books and records is a neutral factor because the documentary evidence can be submitted electronically. *See Panitch v. Quaker Oats Co.*, Civ. No. 16-4586, 2017 WL 1333285, at *7 (E.D. Pa. Apr. 5, 2017) ("Today, with digitization, many documents exist in electronic format, which can be sent over the Internet." (internal quotation marks and citations omitted)); Doc. No. 12 ("The Parties

expect that virtually all of the documentary evidence in this action is likely to be electronically stored and readily accessible from any location."). The proximity of non-party witnesses that may be needed for trial is also a neutral factor. *See Palagano*, 2015 WL 5025469, at *6 (noting that "the convenience of non-party witnesses is the main focus of this *Jumara* factor" (internal quotation marks and citations omitted)); Doc. No. 12 (noting that "there is no indication that any non-party witness would refuse to testify at trial in either forum").

As for the public interest factors, although Plaintiff's alleged injury arose from his purchase of a vehicle marketed, manufactured, and sold in the Eastern District, the Eastern District's interest in the case is limited. *See Palagano*, 2015 WL 5025469, at *5 (noting that "in the context of claims based on misrepresentations or omissions [such as breach of warranty], misrepresentations and omissions are deemed to occur in the district where they were transmitted, or withheld, not where they were received," and holding that although the putative class members' suffered their injury by purchasing a product in Pennsylvania, the defendant's representations and warranties regarding the product occurred at the defendant's headquarters). Federal judges sitting in the Eastern District may be more familiar with the Plaintiff's Pennsylvania state law claims, but "[f]ederal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." *Id.* at *7 (internal quotation marks and citations omitted). There is no likelihood of an enforcement problem in the Northern District of Illinois as opposed to the Eastern District of Pennsylvania and no clear difference in policy preferences for the two locales. The parties agree that there is no substantial difference in administrative difficulty arising from court congestion. (Doc. No. 12.) At bottom, the existence of other related litigations in the Northern District, and the potential for consolidation, are significant "practical considerations that could make the trial easy, expeditious, or inexpensive,"

and weigh heavily in favor of transfer to the Northern District. *See Panitch*, 2017 WL 1333285, at *7 ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.") (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).

Upon consideration of all the factors together, the Court finds that the balance of those factors weighs in favor of transfer.

Transfer to the Northern District of Illinois is also appropriate under the "first-filed" rule. Under the first-filed rule, in cases of concurrent federal jurisdiction, "the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (internal quotation marks and citations omitted). "The first-filed rule permits courts to consolidate similar cases by transferring later-filed cases for consolidation with the first-filed case." *Palagano*, 2015 WL 5025469, at *1 (citations omitted).

Courts within this district have found substantial similarity sufficient to trigger application of the first-filed rule. *See, e.g.*, *Panitch,* 2017 WL 1333285, at *2, *4; *Palagano*, 2015 WL 5025469, at *2, *4 (concluding that, with respect to the degree of similarity required among the actions, a "flexible approach" is more "proper because it is more consistent with the purposes of the first-filed rule"); *Villari*, 2009 WL 1845236, at *6 ("The applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align. Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one."); *accord. Catanese v. Unilever*, 774 F. Supp. 2d 684, 689 (D.N.J. Mar. 28, 2011) (rejecting the plaintiffs' argument that the first-filed rule is inapplicable where the actions seek to apply different state law and

finding "that the differences in the causes of action and remedies sought are insufficiently material to prevent application of the first-filed rule. The factual allegations underlying these claims are exactly the same . . . [O]verlapping subject matter is key; exact identity of claims is not required."). *Palagano* is instructive. In *Palagano*, the court applied the first-filed rule where the plaintiff's claims were substantially similar to the other twelve lawsuits consolidated in another district and arose from the exact same conduct, and where the witnesses and evidence would be exactly the same. 2015 WL 5025469, at *4.

Likewise, here, the Plaintiff's claims are substantially similar to the claims in the related actions (albeit invoking different states' laws). (*See* Doc. No. 12; *compare* Doc. No. 1 *with O'Connor* Doc. No. 1, *Marino* Doc. No. 1, and *Smith* Doc. No. 1.) Specifically, in each of the four actions, the plaintiffs seek to represent state classes of consumers alleging that Ford improperly manufactured, marketed, and sold Ford Model Year 2017-2020 F-150 vehicles with purportedly defective 10R80 transmissions, and each lawsuit involves similar claims, such as breach of express warranty, violation of the Magnuson-Moss Warranty Act, and breach of applicable state consumer protection statutes. (*See id.*) All of the claims arise from the same conduct and would involve the same witnesses and evidence. (Doc. No. 12.) Therefore, the Court finds that the first-filed rule supports its decision to transfer the case to the Northern District, where *O'Connor* was first filed on July 26, 2019. (*O'Connor* Doc. No. 1.)

An appropriate order follows.

/s/KAREN SPENCER MARSTON
_____
KAREN SPENCER MARSTON, J.

finding "that the differences in the causes of action and remedies sought are insufficiently material to prevent application of the first-filed rule. The factual allegations underlying these claims are exactly the same . . . [O]verlapping subject matter is key; exact identity of claims is not required."). *Palagano* is instructive. In *Palagano*, the court applied the first-filed rule where the plaintiff's claims were substantially similar to the other twelve lawsuits consolidated in another district and arose from the exact same conduct, and where the witnesses and evidence would be exactly the same. 2015 WL 5025469, at *4.

Likewise, here, the Plaintiff's claims are substantially similar to the claims in the related actions (albeit invoking different states' laws). (*See* Doc. No. 12; *compare* Doc. No. 1 *with O'Connor* Doc. No. 1, *Marino* Doc. No. 1, and *Smith* Doc. No. 1.) Specifically, in each of the four actions, the plaintiffs seek to represent state classes of consumers alleging that Ford improperly manufactured, marketed, and sold Ford Model Year 2017-2020 F-150 vehicles with purportedly defective 10R80 transmissions, and each lawsuit involves similar claims, such as breach of express warranty, violation of the Magnuson-Moss Warranty Act, and breach of applicable state consumer protection statutes. (*See id.*) All of the claims arise from the same conduct and would involve the same witnesses and evidence. (Doc. No. 12.) Therefore, the Court finds that the first-filed rule supports its decision to transfer the case to the Northern District, where *O'Connor* was first filed on July 26, 2019. (*O'Connor* Doc. No. 1.)

An appropriate order follows.

/s/KAREN SPENCER MARSTON
_____
KAREN SPENCER MARSTON, J.